IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KLEVER CABRERA PERALTA, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-17-1641
:
CRAIG LOWE, : (Judge Conaboy)
:
    Respondent :

## MEMORANDUM
### Background

Klever Cabrera Peralta, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) presently confined at the Pike County Prison, Lords Valley, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is Warden Craig Lowe of the Pike County Prison. Service of the petition was previously ordered. For the reasons set forth below, the Court will grant the petition and order that an immigration judge conduct an individualized bond hearing within thirty (30) days.

Petitioner describes himself as being a native of Ecuador who entered the United States in 1981 as a lawful permanent resident. While in this country, Petitioner admits that he was convicted of conspiracy to distribute Methamphetamine in the United States District Court for the Western District of Virginia on July 15, 2015. Following his conviction, Petitioner was sentenced to a forty-four (44) month term of imprisonment.

1

As a further consequence of his conviction, ICE initiated removal proceedings. On March 29, 2017, an immigration judge ordered Peralta's removal. However, Petitioner's case was reopened and March 29, 2017 an immigration judge denied Petitioner's request for withholding of removal as well as his Convention against Torture application and ordered his removal. An appeal of that determination is pending before the Board of Immigration Appeals (BIA).

Following completion of his federal sentence Petitioner was transferred into ICE custody on February 22, 2017. Peralta has remained in ICE custody since that date.

Peralta's § 2241 petition challenges his indefinite continued detention pending conclusion of his removal proceedings under the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner claims that there is no reasonable prospect that he will be removed from this country in the foreseeable future. As relief, Petitioner seeks his immediate release.[1]

---

[1] Section 106 of the REAL ID Act of 2005 amended section 242(a) of the Immigration and Naturalization Act to provide that the sole and exclusive means to review an order of removal shall be by petition for review in the applicable court of appeals. H.R. 1268, 109th Cong. (2005)(enacted), Pub.L.No. 109-13, Div.B, 119 Stat. 231. The amendment became effective on May 11, 2005. Consequently, issues such as whether Petitioner should be removed or to what country he should be removed are not properly entertained by this Court. Rather, the only claim properly presented to this District Court is Petitioner's request to be released on bond pending removal subject to reasonable conditions of release.

2

Respondent contends that Petitioner is removable and subject to mandatory detention because of his prior criminal history in this country. However, the Respondent adds that if this Court determines that a discretionary bond hearing is required, the "Respondent will coordinate with the Immigration Court to schedule a bond hearing before an Immigration Judge as expeditiously as possible." Doc. 6, p. 6.

## Discussion

Petitioner contends that he has been detained for an unreasonable amount of time while his removal proceedings are ongoing in violation of the Due Process Clause of the Fifth Amendment.

The United States Supreme Court has clearly recognized that the indefinite detention of aliens facing removal is not permissible. See Zadvydas, 533 U.S. at 689. To establish uniformity in the federal courts, the Supreme Court recognized six (6) months as being a "presumptively reasonable period of detention." Id. That said, continued detention is permissible if a detainee refuses to cooperate in obtaining necessary travel documents. See U.S. ex rel Kovalev v. Ashcroft, 71 Fed. Appx. 919, 924 (3d Cir. 2003).[2]

Section 1226(c) clearly requires that, prior to a final

---

[2] There is no indication by Respondent that Petitioner has not been cooperative.

3

removal order, an alien may be detained without being afforded a bond hearing. However, this "mandatory detention" provision is not without limits. In <u>Demore v. Kim</u>, 538 U.S. 510, 531 (2003), the United States Supreme Court concluded that "[d]etention during removal proceedings is a constitutionally permissible part of [the deportation] process." <u>Id</u>. at 531. The United States Court of Appeals for the Third Circuit has interpreted <u>Demore</u> and "conclude[d] that [§1226(c)] implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." <u>Diop v. ICE/Homeland Sec</u>., 656 F.3d 221, 231 (3d Cir. 2011).

Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." <u>Id</u>. at 233.

A determination as to whether an individual's detention is no longer reasonable in length is "a fact-dependent inquiry that will vary depending on individual circumstances." <u>Id</u>.; <u>see also</u> <u>Leslie v. Attorney Gen. of U.S.</u>, 678 F.3d 265, 269 (3d Cir. 2012). Such an inquiry must account for delay caused by errors necessitating appeal, as well as any continuances or delays favorable to the detainee. <u>Diop</u>, 656 F.3d at 233-34. While

4

declining to establish a bright-line rule for the length of time that would constitute an unreasonable detention, the Third Circuit Court of Appeals noted that "detention under §1226 lasts roughly a month and a half in the majority of cases in which it is invoked, and about five months in the minority of cases in which an alien chooses to appeal," and as a result, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past those thresholds." Id. at 234.

The Third Circuit Court of Appeals in Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 477 (3d Cir. 2015) characterized the fact-dependent inquiry described in Diop as a balancing test. It noted that the reasonableness of government conduct and merit of the petitioner's challenges are not dispositive standing alone, and are only relevant when "weigh[ing] the various aspects of [the] case to determine whether, and when, a tipping point has been reached on the reasonableness of [the] detention." Id.

Courts should not find that delay caused by a detainee's challenges precludes a finding of unreasonable detention because such a finding essentially constitutes punishment for pursuing applicable legal remedies. Id. at 475 (citing Leslie, 678 F.3d at 265). However, under narrow circumstances, when a petitioner acts in bad faith to delay or stall the proceeding, this tactic

5

may preclude a finding of unreasonable detention.[3] Chavez-Alvarez, 783 F.3d at 476.

In Chavez-Alvarez, the Third Circuit Court of Appeals found that "beginning sometime after the six-month time frame considered by Demore, and certainly by the time Chavez-Alvarez had been detained for one year, the burdens to Chavez-Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." Id. at 478.

Respondent does not dispute that based upon an application of Chavez-Alvarez, Petitioner may be entitled to an individualized bond hearing since he has been detained for approximately eight (8) months. This Court agrees and also recognizes that deference is owed to the decision-making agency to oversee matters within its jurisdiction. See, e.g., Gourzong v. Lowe, No. 3:15-CV-1969, 2016 WL 109851, at *2 (M.D. Pa. Jan. 11, 2016)(Mariani, J.).

Based upon the Respondent's lack of objection and since the immigration court has the expertise, familiarity, and authority to exercise jurisdiction over bond hearings such as those contemplated under Chavez-Alvarez, the Court orders that an immigration judge conduct an individualized bond hearing for the

---

[3] Bad faith exists when a petitioner challenges aspects of the government's case that do not present bona fide or real issues, or are simply frivolous or meritless arguments. Id.

6

Petitioner within thirty (30) days of the date of this Memorandum.

## Conclusion

Pursuant to the above discussion, Petitioner is entitled to a bond hearing before an immigration judge. Therefore, the Court will grant the unopposed petition for writ of habeas corpus, and order that Petitioner be provided an individualized bond hearing within thirty (30) days of this decision. An appropriate Order shall follow.

RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 20, 2017

FILED
SCRANTON

OCT 2 3 2017

Per_____
DEPUTY CLERK

7